IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT

| | |
|---|---|
| NICOLE M. BLADOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: CIV-14-1022-L |
| | ) |
| (1) OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Nicole M. Bladow, by and through his attorney of record, Aletia Haynes Timmons of Timmons & Associates, LLC and hereby and in for her cause of action against the Defendant would respectfully show the court as follows:

### PRELIMINARY STATEMENT

1. This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.* 42 U.S.C. 1983, and 42 U.S.C. 1981. Plaintiff is seeking declaratory relief, injunctive relief and damages to redress the deprivation of her rights from discriminatory employment practices on the basis of sex, for retaliation and for her association with a Hispanic employee.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §1981 and the United States Constitution, Fourteenth Amendment. Additionally, Plaintiff invokes the Supplemental Jurisdiction of Title 28 Section 1367. The unlawful employment practices and discrimination

alleged were committed within the Western District of Oklahoma, County of Oklahoma, State of Oklahoma.

3. Plaintiff, Nicole M. Bladow, is a female citizen of the United States and the incidents upon which this case arose occurred within the jurisdiction of the Western District of Oklahoma.

4. Defendant, Oklahoma Bureau of Narcotics and Dangerous Drugs Control was and is a duly constituted state entity with the power and authority to make and enforce rules and regulations and to appoint, promote and hire employees, has an office and does business in the Western District of Oklahoma.

## PROCEDURE

5. Within 300 days of the occurrence of the acts of which this Petition is based, charges of discrimination were filed with the Equal Employment Opportunity Commission by the Plaintiff herein.

6. Plaintiff was granted her Right to Sue from the Oklahoma City Office of the Equal Employment Opportunity Commission on June 23, 2014 by mail which entitles her to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice. This action was initiated within the said ninety (90) days of receipt by mail of the right to sue.

## FIRST CLAIM–DISCRIMINATION IN VIOLATION OF TITLE VII

7. Plaintiff was hired by Defendants. During all relevant times of her employment, Plaintiff performed satisfactorily, however she was retaliated against for complaining about sex discrimination and was told after that that she would receive an unsatisfactory review "because

she was not "one of the guys".

8. Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. §2000 *et seq., 42 U.S.C. 1981, and 1983.* The actions taken were taken under color of law. The discriminatory practices include, but are not limited to the following:

    i. Giving negative employment reviews based on the Plaintiffs complaints of sex discrimination.

    ii. Maintaining policies and practices with respect to, but not limited to terms and conditions of employment which unlawfully operated to deny her equal opportunity because of her sex and her association with a Hispanic employee, and fostering a pervasive and hostile working environment for female agents.

    iii. Retaliating against the Plaintiff by transferring her, denying her training for her complaints that she was being discriminated against based on her sex

9. Further, Plaintiff has been deprived of income solely because of her sex and her association with a Hispanic agent in the form of wages, tenure, and prospective retirement benefits, Social Security, Unemployment Compensation benefits, and other benefits due to her as an employee.

## SECOND CLAIM–CONSTRUCTIVE DISCHARGE AND RETALIATION

10. Paragraphs 1- 9 are incorporated herein by reference.

11. The act and injury sustained by Plaintiff are due to the Defendant's continuing violation of Title VII of the Civil Rights Act of 1964, section 1981 and section 1985 as amended by subsequent enactments by engaging in sexual discrimination, retaliation and for her

association with a Hispanic agent contrary to public policy of the State of Oklahoma.

12. Plaintiff was investigated in secret immediately after she provided a complaint to her employer regarding sexual harassment and discrimination against the agency. She was transferred in retaliation for her complaints.

13. Plaintiff has suffered great mental harm because the Defendants unlawfully subjected her to discrimination, and retaliated against her for her allegations of sex discrimination and filed complaints, and subjected her to unequal terms and conditions in her employment.

**WHEREFORE,** premises considered, the Plaintiff prays:

1. That the Court issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, section 1981 and section 1983.

2. Grant the Plaintiff a permanent injunction enjoining the Defendant and all those acting in concert with them and at their direction, from engaging in any employment policy or practice which discriminates against her or others on the basis of sex.

3. Order the Defendant to make whole the Plaintiff as she was adversely affected by the policies and practices described herein by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities and other benefits in an amount to be shown at trial, and other affirmative relief as allowed by law.

4. Retain jurisdiction over this action to assure full compliance with the orders of this Court and will applicable law and require Defendant to file such reports as the Court deems necessary to evaluate such compliance.

5. Demands judgment against Defendants in excess of $175,000.00 interest and costs

including attorney fees.

6. Grant general damages in excess of $175,000.00.

7. Grant special punitive damages in the amount in excess of $175,000.00

8. Grant additional relief as the Court deems just and proper.

Respectfully Submitted,

ALETIA HAYNES TIMMONS, OBA #11855
***TIMMONS & ASSOCIATES, LLC***
527 N.W. 23RD STREET, SUITE 200
Oklahoma City, OK 73103
Telephone:   (405) 602-5393
Facsimile:    (405) 602-5390
*Attorney for Plaintiff*

**ATTORNEYS LIEN CLAIMED**

**JURY TRIAL DEMANDED**